**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BHPH Capital LLC,<br><br>  Plaintiff,<br><br>v.<br><br>JV Wholesalers LLC, et al.,<br><br>  Defendants. | No. CV-22-00143-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Default Judgment against Defendants Peter J. Cappiello, Sr. and Ann Cappiello (Doc. 24). On July 26, 2022, Plaintiff filed a certificate of no objection. (Doc. 48).[1]

In his Motion, Plaintiff requests the Clerk to enter default judgment under Rule 55(b)(1) on the grounds that the claim is a "sum certain." (*Id.* at 2). The Ninth Circuit states a claim is not a "sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rest. Gr., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005). In *Franchise*, the Ninth Circuit found that no doubt remained as to the plaintiff's damages where the plaintiff "presented the clerk with loan documents that set forth the specific formulas for determining the amount owed" and "provided documents setting forth

---

[1] Also pending is Plaintiff's Motion to Strike Defendant Victor C. Breen's Answer and Counterclaims (Doc. 33), Plaintiff's Motion for Default Judgment against Defendant James M. Lithgow (Doc. 40), and Defendant Lithgow's Motion to Vacate Entry of Default (Doc. 45). Although the Motion to Strike is ripe; the remaining motions are not fully briefed, and the Court will address them in a separate Order.

the various amounts necessary for calculating the total amount due." *Id.* Here, Plaintiff has submitted an affidavit from its comptroller detailing the balance owed and interest but does not give the underlying loan documents that provides the basis for the amount he is requesting. (Doc. 24 at 3). The Court accordingly finds that Plaintiff has not met the sum certain requirement. *See Big Chuy Distrib. & Sons Inc. v. AG-Wise Inc.*, 2012 WL 12941117 (D. Ariz. 2012) (where plaintiff failed to explain how base figure was calculated, or specifics with regard to "offsets" default judgment was not warranted under Rule 55(b)(1)); *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 20 n. 9 (1st Cir. 2003) ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts KPS's claim into a 'sum certain.'").

The current Motion does not contain a sufficient explanation to support the award sought, and the Court will therefore deny the Motion. Plaintiffs may file another Motion for Default Judgment by August 9, 2022, with sufficient detail and explanation so that the Court is able to make a determination on the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (Doc. 24) is **denied without prejudice**.

Dated this 26th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge

- 2 -