**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BHPH Capital LLC, | No. CV-22-00143-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| JV Wholesalers LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff BHPH Capital LLC's ("Plaintiff") Motion to Strike Defendant Victor C. Breen's Answer and Counterclaims (Doc. 33), Plaintiff's Motion for Default Judgment against Defendant James M. Lithgow (Doc. 40), and Defendant Lithgow's ("Defendant") Motion to Vacate Entry of Default (Doc. 45). The motions are fully briefed.

**I.     Background**

On January 26, 2022, Plaintiff filed a Complaint for breach of contract, breach of duty of good faith and fair dealing, fraud, misrepresentation, civil conspiracy, and RICO violations. (Doc. 1). On June 21, 2022, Plaintiff requested that the Clerk enter default against Defendant under Rule 55(a) for failing to plead or otherwise defend the action. (Doc. 32). The Clerk entered default on June 24, 2022. (Doc. 35). Two weeks later, on July 6, 2022, Plaintiff filed a Motion for Default Judgment against Defendant. (Doc. 40). On July 19, 2022, Defendant filed a Motion to Vacate the Clerk's Entry of Default ("Motion to Set Aside Default"). (Doc. 45).

## II. Discussion

The Court will begin with Plaintiff's Motion to Strike then consider Defendant's Motion to Set Aside Default.

### A. Motion to Strike Breen's Answer and Counterclaims

The Court will deny Plaintiff's Motion to Strike as moot. This is because Defendant Breen filed for bankruptcy and the bankruptcy court stayed Plaintiff's cause of action against him under 11 U.S.C. § 362(a)(l). (Doc. 64 at 1–2). Plaintiff represents it will take no further action against Defendant Breen in this case unless the automatic stay is lifted or terminated. (*Id.*) The Court therefore denies Plaintiff's Motion to Strike as moot.

### B. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) allows the court to set aside an entry of default "for good cause." *See FOC Financial Ltd. Partnership v. National City Commercial Capital Corp.*, 612 F.Supp.2d 1080, 1082 (D. Ariz. 2009) (citations omitted). "What constitutes 'good cause' is within the discretion of the trial court." *Id.* To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The burden rests on the moving party, but the factors are to be "liberally interpreted" in favor of setting aside default. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hyrdrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). "A case should, whenever possible, be decided on the merits." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).

At the outset, the Court need not review whether reopening the default judgment would prejudice Plaintiff because Plaintiff does not contest this factor. (Doc. 54). Even so, the Court finds vacating the default judgment here would not prejudice Plaintiff. *See Knoebber*, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result

in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'") (internal citations omitted)). As discussed below, Defendant filed his Motion to Set Aside Default less than a month after it was entered, and Plaintiff provides no representations that setting aside the judgment would result in greater harm than delayed resolution. *Id.*

### i. Culpable Conduct

Only intentional conduct is sufficiently culpable to deny a motion to set aside default. *Knoebber*, 244 F.3d at 698 ("[W]e have typically held that a defendant's conduct was culpable for purposes of the [Rule 55(c) or 60(b)] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."). Defendant claims his first counsel did not file an answer and failed to properly communicate with him. (Doc. 45 at 3). He says this prompted him to retain new counsel and, once hired, Defendant's new counsel timely filed an answer with affirmative defenses. (*Id.*) Plaintiff responds that there is no good cause under Rule 55(c) because Defendant's failure to timely file an answer was not based on an error from Defendant's first counsel's clerical staff. (Doc. 54 at 3).

The Court finds Defendant's failure to timely answer was not culpable. Plaintiff relies on *Add Mktg. & Consolidation, Inc. v. Borg Produce Sales, Inc.* to support the proposition that relief under Rule 55(c) "is deemed appropriate where the failure of defense counsel to file a timely answer was attributable not to his own personal fault, but to the neglect of a member of his clerical staff." 2008 WL 11340041, at *1 (D. Ariz. June 11, 2008). However, the court there did not adjudicate the motion for default under Rule 55(c) and the Court accordingly rejects this argument. *Id.* ("the [counterdefendants] are not proceeding under Fed. R. Civ. P. 55(c)").[1] Nothing in the record indicates a "devious, deliberate, willful, or bad faith failure to respond." *Knoebber*, 244 F.3d at 698. To the contrary, Defendant filed his Motion to Set Aside Default under a month after it was entered. (*See* Docs. 35; 45). Defendant appears to have diligently sought to set aside the

---

[1] The court included this proposition in a footnote with a citation to an out-of-circuit district court, which is not binding on this Court.

default judgment and, absent evidence otherwise, the Court therefore finds Defendant's conduct was not culpable.

### ii. Meritorious Defense

The movant "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Haw. Carpenters' Trust Funds*, 794 F.2d at 513. To do so, the movant must "allege sufficient facts that, if true, would constitute a defense[.]" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

Defendant asserts two defenses: First, he argues Plaintiff's service is defective under Federal Rule of Civil Procedure 4(m). (Doc. 45 at 3). Second, Defendant appears to contend he has fulfilled his obligations under the contract.[2] (*Id.* at 4). He claims his affidavit "shows he denies defrauding Plaintiff and that he was a silent partner owning 35% of the Borrower entity—which was reduced down to 10% after he was diagnosed with prostate cancer." (*Id.*) Defendant says these facts "establish that he should be heard and be allowed to defend this case on the merits." (*Id.*) Plaintiff counters that Defendant consented to this Court's jurisdiction in the Loan Agreement and, even if he did not, good cause exists for this Court to retroactively extend the time to for Plaintiff serve Defendant under Rule 4(m). (Doc. 54 at 4). Plaintiff further contends Defendant waived his exhaustion of collateral defenses in the Loan Agreement. (*Id.* at 5).

As to the defective service, Defendant contends that the service on Mr. Lithgow is defective because it was effected on May 25, 2022 (Doc. 31), after the statutory service period of 90 days. *See* Fed. R. Civ. P. 4(m). The Complaint here was filed on January 26, 2022. (Doc. 1). Plaintiff served Defendant on May 25, 2022. (Doc. 31). This is outside the 90-day requirement. The Court therefore finds that Defendant has alleged sufficient facts that, if established, would constitute a meritorious defense.

As to the breach of contract claim, the Court is further persuaded that Defendant has

---

[2] Although the Complaint contains seven Counts (Doc. 1 at 6–12), Plaintiff represents it seeks a default judgment against Defendant only as to Defendant's liability on his "guaranty of the amounts owing under the Loan Agreement," but nonetheless represents it "reserves its rights to pursue its fraud and other claims against [Defendant] (and others)."

- 4 -

potentially meritorious defenses. Plaintiff alleges it entered a contract with Defendant whereby Defendant personally guaranteed the loan. (Doc. 1, ¶¶ 12, 13). Defendant allegedly breached the contract by failing to "pay the amount due on the Guaranteed Obligations." (*Id.* at ¶ 46). Defendant asserts that he did not breach the contract because he "sold 25 percent of the shares back to the other partners and [] retained 10 percent and was a silent partner due to illness." (Doc. 45-1 at ¶ 38). Defendant further contends that he "thought the amount is being paid down." (*Id.* at ¶ 39). These facts, accepted as true, satisfy the meritorious defense requirement. The Court therefore finds that denial of Defendant's motion would neither serve Rule 55(c) nor the interests of justice. *See Haw. Carpenters' Trust Funds*, 794 F.2d at 513 ("The underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."); *Nilsson, et al.*, 854 F.2d at 1546 (noting that "modern federal procedure favors trials on the merits") (internal citation omitted).

A case should be decided on the merits whenever possible and judgment by default is "appropriate only in extreme circumstances[.]" *Mesle*, 615 F.3d at 1089. Those extreme circumstances are plainly not present here, and the Court therefore grants Defendant's Motion to Set Aside Default.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant Victor C. Breen's Answer and Counterclaims (Doc. 33) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default (Doc. 45) is **granted**. The Clerk of Court shall set aside the Clerk's Entry of Default (Doc. 35).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 40) is **denied as moot**.

Dated this 17th day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge