**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BHPH Capital LLC, | No. CV-22-00143-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| JV Wholesalers LLC, et al., | |
| Defendants. | |

Plaintiff BHPH Capital LLC ("BHPH") has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 69) with respect to Defendant/Counterclaimant Victor Breen's ("Mr. Breen") Counterclaims (Doc. 30). The Motion is unopposed, and the time to file a response has passed. *See* LRCiv 7.2(c). The Court must decide whether Mr. Breen's bankruptcy stay affects his counterclaims filed against BHPH. It does not. For the following reasons, the Court will grant the BHPH's Motion to Dismiss, but allow Mr. Breen leave to amend his Counterclaims.

**I.   Background**

This case arises out of a complaint for breach of contract. BHPH is a lender that offers business lines of credit for Buy-Here-Pay-Here auto dealerships and/or their related finance companies. (Doc. 1 at ¶ 11). On or about September 8, 2020, Defendant JV Wholesalers ("JVW") entered into a revolving line of credit arrangement with BHPH under which JVW could borrow up to $1.5 million. (*Id.* at ¶ 12). JVW borrowed funds from BHPH, securing those funds with loan agreements between JVW and individuals who

purchased vehicles from JVW. Mr. Breen was one of the parties to the loan agreements. (*Id.* at ¶ 13).

### A. BHPH's Complaint

On January 26, 2022, BHPH filed a Complaint against Mr. Breen for breach of contract, breach of duty of good faith and fair dealing, fraud, misrepresentation, civil conspiracy, and violations of the Civil Racketeer Influenced and Corrupt Organizations (RICO) Act, A.R.S. § 13-2314.04 *et seq.* (Doc. 1). On June 10, 2022, Mr. Breen, in his individual capacity, filed an Answer and Counterclaims against BHPH. (Doc. 30). On June 24, 2022, BHPH filed a motion to strike Mr. Breen's Answer and Counterclaims. (Doc. 33).

On September 29, 2022, Mr. Breen filed a petition for voluntary bankruptcy in New Jersey, and BHPH filed a Notice of Bankruptcy Case Filing on October 20, 2022. (Doc. 64). The Notice of Bankruptcy Case Filing contains a provision stating that BHPH will not take further action against Mr. Breen unless the automatic stay is lifted or terminated. (*Id.* at 2). On January 19, 2023, the Court denied BHPH's Motion to Strike Mr. Breen's Counterclaims as moot, because Mr. Breen's bankruptcy filing stayed BHPH's cause of action against him. (Doc. 65).

On February 2, 2023, BHPH filed a Motion to Dismiss Mr. Breen's Counterclaims. (Doc. 69). BHPH argues that Mr. Breen's bankruptcy filing stayed BHPH's claims against Mr. Breen but did not stay the Counterclaim filed by Mr. Breen against BHPH.

### B. Mr. Breen's Counterclaims

Mr. Breen appears to allege two Counterclaims against BHPH:

- Counterclaim one is for breach of contract.[1]
- Counterclaim two alleges fraudulent conduct and punitive damages in the amount of $1,000,000.[2]

---

[1] Paragraphs four, five, six, and nine all appear to allege breach of contract, which the Court will incorporate under one general counterclaim. (Doc. 30 at 2.)

[2] Paragraphs eight and ten appear to allege fraudulent conduct and punitive damages, which the Court will incorporate under one general counterclaim. (Doc. 30 at 2).

- 2 -

(Doc. 30 at 2). BHPH seeks to dismiss these Counterclaims under Rule 12(b)(6).[3] (Doc. 69 at 2).

## II.   Legal Standards

### A.   Rule 12(b)(6) Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must include a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, courts will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not required "to accept as true a legal conclusion couched as a factual allegation."

---

[3] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

*Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B.     Rule 9(b)

The federal rules set a heightened pleading standard for allegations of fraud. Rule 9(b) requires that "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Further, Rule 9(b) requires that "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations and citation omitted); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Ordinarily, Rule 9(b)'s heightened pleading standard applies only to averments of fraud; "[t]he rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Vess*, 317 F.3d at 1104.  But "[i]n some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04.

On motions to dismiss for failure to state a claim, *pro se* plaintiffs are given more leeway in constructing their pleadings. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, vague and conclusory allegations are insufficient to withstand a motion to dismiss. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.    Discussion

BHPH seeks to dismiss Mr. Breen's Counterclaims under Fed. R. Civ. P.12(b)(6). (Doc. 69 at 1–2).  BHPH argues that Mr. Breen's Counterclaims are facially deficient and lack factual detail. (*Id.*)  The Court will first address whether Mr. Breen's Counterclaims are stayed by his filing for bankruptcy.  The Court will then consider whether Mr. Breen has stated plausible Counterclaims.

/ / /

### A. Mr. Breen's Bankruptcy Does Not Stay His Counterclaims

As an initial matter, the Court must determine whether Mr. Breen's bankruptcy stayed the Counterclaims against BHPH. It did not.

A counterclaim is an independent cause of action under Rule 13. Fed. R. Civ. P. 13. Under Section 362(a) of the Bankruptcy Code, filing a bankruptcy petition automatically stays all actions or proceedings which have been brought "against the debtor." 11 U.S.C.S. § 362(a). Though Section 362(a) does not specify whether actions brought *by* the debtor are also stayed, courts have since clarified that the bankruptcy stay applies only to actions *against* the debtor. *See In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (9th Cir. B.A.P. 2009) (emphasis added); *Tohono O'Odham Nation v. Schwartz*, 837 F. Supp. 1024, 1027 (D. Ariz. 1993). The bankruptcy stay does not affect counterclaims, because bankruptcy stays are inapplicable to actions or proceedings commenced by the debtor. *White v. City of Santee*, 186 B.R. 700, 704 (9th Cir. B.A.P. 1995). Accordingly, an action need not be stayed because of the debtor's bankruptcy. *Tohono O'Odham Nation*, 837 F. Supp. at 1027.

BHPH argue that although Mr. Breen's bankruptcy stayed BHPH's claims against Mr. Breen, it does not stay Mr. Breen's Counterclaims against BHPH. (*See* Doc. 69 at 2, citing *In re Censo, LLC*, 638 B.R. 416, 424 (9th Cir. B.A.P. 2022)). BHPH is correct. The automatic stay protects Mr. Breen, the bankrupt debtor, from actions initiated against him. However, the automatic stay does not halt the actions that Mr. Breen initiates. 11 U.S.C. § 362. Mr. Breen's Counterclaims, then, are not subject to the automatic stay. *Id.*

### B. Mr. Breen's Counterclaims

At the outset, the Court notes Mr. Breen's Counterclaims are largely indecipherable.[4] However, Mr. Breen appears to allege two Counterclaims: (1) BHPH failed to comply with "the contract"; and (2) BHPH engaged in fraudulent conduct.

---

[4] For example, Mr. Breen alleges BHPH failed to comply with the terms and conditions of the contract, engaged in fraudulent conduct, and made false representations. None of these allegations, however, are tied to a specific claim. (Doc. 30 at 2).

(Doc. 30 at 2). The Court considers each Counterclaim in turn.

### 1. Mr. Breen's Breach of Contract Claim

In Counterclaim one, Mr. Breen alleges BHPH failed to comply with terms and conditions of a contract. (Doc. 30 at 2). Under Arizona law, a successful breach of contract claim must meet three elements. First, a claimant must identify a contract between the plaintiff and the defendant. Second, a claimant must prove the defendant breached the contract. Third, a claimant must prove resulting damage from this breach. *Frank Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010).

Mr. Breen fails to meet element one because he does not identify the contract at issue in his Counterclaim. Although the Counterclaim mentions the vague existence of a contract, Mr. Breen does not allege when the contract was formed, nor does he provide any terms or conditions. Without first establishing the existence of a valid contract, a plaintiff cannot allege its breach. *Coleman v. Watts*, 87 F. Supp. 2d 944, 955 (D. Ariz. 1998) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 387 P.2d 235, 237 (Ariz. 1963)). Mr. Breen has not provided sufficient facts to support the plausible existence of a contract, and therefore fails to meet the first element to create a breach of contract claim. *Warren v. Sierra Pacific Mortg. Srvcs Inc.*, 2011 WL 1526957, at *9 (D. Ariz. Apr. 22, 2011) (citing *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. App. Ct. 2004)).

Mr. Breen also fails to meet element two because he has not sufficiently alleged how BHPH breached the contract. He simply alleges BHPH "failed to comply with the terms and conditions of the contract herein and violated said contract." (Doc. 30 at 2). He does not identify any specific factual allegations that would make a cause of action plausible. Mr. Breen does not identify the nature of the breach or when it occurred. "The terms of the contract must be established with sufficient specificity that the obligations involved may be ascertained." *Coleman*, 87 F. Supp. 2d at 955. Mr. Breen fails to identify any contract terms or obligations. Indeed, the contours of Mr. Breen's claim are altogether unclear, and Mr. Breen provides scant details on any particular terms and conditions of the contract.

Last, Mr. Breen fails to meet element three because he does not provide any basis for his claim that damages resulted from the contract breach. He alleges that he was "damaged in the amount of $1,000,000" but provides no facts to support this claim. (Doc. 30 at 2). In actions alleging breach of contract, the plaintiff has the burden to prove damages "with reasonable certainty." *Thompson v. StreetSmarts, Inc.*, 2011 WL 2600744, at *27 (D. Ariz. June 30, 2011) (citing *Chartone*, 83 P.3d at 1111). Mr. Breen has not done so here.

Under the currently pled facts, the Court finds that Mr. Breen fails to plausibly state a breach of contract claim.

### 2. Mr. Breen's Fraud Claim

In Counterclaim two, Mr. Breen claims BHPH engaged in fraudulent conduct. Under Arizona law, prevailing on a fraud claim requires that Mr. Breen proves nine elements by clear and convincing evidence. To plead a prima facie fraud claim, Mr. Breen must allege "(1) [a] representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and proximate injury." *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) (citing *Nielson v. Flashberg*, 419 P.2d 514 (Ariz. 1966)).

Mr. Breen fails to meet elements one through eight. He does not describe the "who, what, when, where, and how" of the fraudulent misconduct he vaguely alleges. *Vess*, 317 F.3d at 1106 (citation omitted). He only claims under element nine that BHPH's fraudulent conduct caused him to suffer significant damages in the amount of $1,000,000. (Doc. 30 at 2). Even so, the allegations in the Counterclaim fail to support Mr. Breen's basis for his amount, or the nature of any fraudulent conduct. "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989). Mr. Breen's vague fraud allegation fails to satisfy Rule 9(b)'s standards of specificity and particularity. Fed. R. Civ. P. 9(b).

Therefore, the Court finds that Mr. Breen failed to sufficiently allege a *prima facie* fraud claim.

**IV.    Leave to Amend**

Under Rule 15(a)(2), a court may grant leave to amend a complaint or counterclaim when justice requires. The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Because "it is not 'absolutely clear' that [Mr. Breen] could not cure [the Counterclaims] deficiencies by amendment," the Court will give them the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (*en banc*) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires"). Under Rule 41(b), the district court may dismiss an action for failure to comply with any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Mr. Breen will have thirty (30) days from the date of entry of this Order to file an amended counterclaim to remedy its deficiencies. *See* Fed. R. Civ. P. 12(e). The amended counterclaim must comply with Rule 15.1(a) of the Local Rules of Civil Procedure, Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure, as well as the pleading standards set forth in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. Failure to comply with a district court's local rules is grounds for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff BHPH Capital LLC's Motion to Dismiss Victor Breen's Counterclaims (Doc. 69) is **granted**.

/ / /

/ / /

/ / /

1   **IT IS FURTHER ORDERED** that Defendant Breen's Counterclaims (Doc. 30)
2 are **dismissed** with leave to file First Amended Counterclaims by **October 11, 2023**.
3   Dated this 11th day of September, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge